UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

| | | |
|---|---|---|
| VERIZON SICKNESS AND ACCIDENT DISABILITY BENEFIT PLAN FOR NEW ENGLAND ASSOCIATES, | : : : : | Civil Action No.: |
| Plaintiff, | : : | COMPLAINT |
| - against – | : : | |
| JACQUELINE ROGERS, and AFFILIATED LAW OFFICES OF RICHARD M. SANDS, INC. | : : : : | |
| Defendants. | : | |

---

Verizon Sickness and Accident Disability Plan for New England Associates ("Plaintiff" or "Verizon Plan"), by and through its attorneys, Robinson & Cole LLP, submits this Complaint against Jacqueline Rogers and Affiliated Law Offices of Richard M. Sands, Inc. (collectively, "Defendants"), for equitable relief to redress violations of, and to enforce, the terms of the Plan pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(3).

2. This Court has personal jurisdiction over Defendants in this case as they are citizens of the State of Rhode Island, and the acts and omissions complained of were committed by Defendants in Rhode Island, pursuant to 28 U.S.C. § 1132(e)(2).

3. Venue is proper in this Court because the breaches of the Plan terms occurred and continue to occur within the District of Rhode Island, Defendants are residents of Rhode Island, and a substantial portion of the specified funds which form the relief sought are, on information and belief, situated in Rhode Island. *See* 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391(b)(1)-(2).

## PARTIES

4. The Verizon Plan is a self-funded "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1). The Verizon Plan provides health care benefits to Verizon employees and their eligible dependents.

5. At all times relevant to this Complaint, defendant Jacqueline Rogers ("Rogers") was an employee of Verizon, Inc., and a participant in, and Covered Person under, the Verizon Plan. Upon information and belief, Rogers is a citizen of Rhode Island residing in Greene, Rhode Island.

6. Defendant Affiliated Law Offices of Richard M. Sands, Inc., a/k/a Sands Law Offices ("the Sands Firm" or "the Firm"), is a Rhode Island corporation with its principal place of business in Warwick, Rhode Island. The Firm, through Richard M. Sands, represented Rogers in connection with injuries sustained in a motor vehicle accident on October 27, 2016 ("Rogers Litigation").

## FACTS

7. The terms of the Verizon Plan are set forth and contained in the Verizon Sickness and Accident Disability Benefit Plan for New England Associates Summary Plan Description ("SPD"), PN 559, effective January 1, 2013.

8. The SPD provides full rights to the Verizon Plan to recover from employees or beneficiaries, including Rogers, for the cost of benefits paid on their behalf under the Verizon Plan. The SPD states, in pertinent part:

> **Subrogation and Third-Party Reimbursement**
>
> If you recover any charges for covered expenses from a third party (for example, as a result of a lawsuit from an automobile accident), the Plan's provision for subrogation and reimbursement takes effect. Under these procedures, the claims administrator's subrogation vendor tries to recover money that has bene paid (or should be paid) on behalf of a third party (the other driver, in this example) whose negligence or wrongful actions caused illness or injury to a Plan participant. In this example of a car accident, should the Plan provide benefits because of your accident, the Plan has the right to recover the amount of these benefits from the negligent person or by obtaining a reimbursement from that person's insurance company – or from you if

> settlement amounts have been paid to you by the negligent person or his or her insurer.
>
> …
>
> The subrogation and reimbursement provisions also mean that if you make a liability claim against a third party after you have received benefits from the Plan, you must include the amount of those benefits as part of the damages you claim. If the claim proceeds to a settlement or judgment in your favor, you must reimburse the Plan for the benefits you received. You and your dependents must grant a lien to the Plan and you and your depends must assign to the Plan any benefits received under any insurance policies or other coverages. As a condition of eligibility for benefits, you and your dependents must agree to cooperate with the claims administrator's subrogation vendor in carrying out the Plan's subrogation and reimbursement rights. Cooperation means you must respond promptly and fully with inquiries from the claims administrator's subrogation vendor and take what action the claims administrator's subrogation vendor requests to help recover the value of benefits provided under the Plan. If you do not, any amounts which could have been recovered through subrogation may be deducted from future Plan payments. In any case, Verizon will require payment from you only for amounts recovered that are net of your legal costs related to the action.

9. Rogers suffered injuries in a motor vehicle accident in which her vehicle was struck from behind on or about October 27, 2016, and as a result of those injuries, Rogers was temporarily disabled.

10. In connection with these injuries, the Verizon Plan provided health benefit coverage and paid for the cost of health care benefits on behalf of Rogers.

11. As a result of the accident, the Verizon Plan provided disability benefit coverage and paid benefits to Rogers in the amount of $44,962.50.

12. Because the Verizon Plan is self-funded, both of these payments were paid directly from the assets of the Verizon Plan.

13. In connection with the motor vehicle accident, the Sands Firm commenced the Rogers Litigation seeking recovery for the damages Rogers sustained. The Rogers Litigation was settled for an amount exceeding $100,000.

14. Prior to the settlement of the Rogers Litigation, the Verizon Plan, through its subrogation vendor, gave notice to the Sands Firm of the Verizon Plan's rights to subrogation and

reimbursement from any and all proceeds of a payment, settlement, or favorable judgment in the Rogers Litigation.

15. The Sands Firm, on behalf of Rogers, satisfied the Verizon Plan's health care lien. However, despite the Verizon Plan's repeated demands for reimbursement of the disability benefit payment of $44,962.50, Defendants have failed or refused to satisfy their obligations under the terms of the Verizon Plan, specifically their obligation to reimburse the Verizon Plan for the disability benefits paid to Rogers resulting from the motor vehicle accident.

16. On information and belief, Rogers received a portion of the settlement proceeds from the Rogers Litigation, despite notice of the Verizon Plan's lien in the amount of $44,962.50 from the funds obtained for Rogers in the Rogers Litigation.

17. On information and belief, the Sands Firm holds or was disbursed a portion of the proceeds of the Rogers Litigation, despite notice of the Verizon Plan's reimbursement interest in the amount of $44,962.50 from the funds obtained for Rogers in the Rogers Litigation.

**COUNT ONE**
**VIOLATION OF TERMS OF THE PLAN UNDER 29 U.S.C. § 1132(a)(3)**
**AS AGAINST JACQUELINE ROGERS**

18. Plaintiff incorporates by reference and realleges the allegations set forth in paragraphs 1-17 above as if the same were set forth separately herein.

19. Plaintiff seeks equitable relief, including but not limited to restitution, imposition and enforcement of a constructive trust, and a declaration of rights under the Verizon Plan against Rogers pursuant to 29 U.S.C. § 1132(a)(3)(B)(i) to redress violations of the terms of the Verizon Plan.

20. By refusing to cooperate with the Verizon Plan to protect its rights, and by refusing to reimburse the Verizon Plan for the cost of the disability benefits paid on behalf of Rogers from the settlement in the Rogers Litigation, Rogers has violated the terms of the Verizon Plan.

21. Plaintiff is entitled to an order declaring the Verizon Plan's rights to the amount of funds ($44,962.50), imposition and enforcement of a constructive trust in that amount, and requiring Rogers to make restitution of that amount to Plaintiff.

## COUNT TWO
## VIOLATION OF TERMS OF THE PLAN UNDER 29 U.S.C. § 1132(a)(3) AS AGAINST THE SANDS FIRM

22. Plaintiff incorporates by reference and realleges the allegations set forth in paragraphs 1-21 above as if the same were set forth separately herein.

23. Plaintiff seeks equitable relief, including but not limited to restitution, disgorgement, imposition and enforcement of a constructive trust, and a declaration of rights under the Verizon Plan against the Sands Firm pursuant to 29 U.S.C. § 1132(a)(3)(B)(i) to redress violations of the terms of the Verizon Plan.

24. By refusing to cooperate with the Verizon Plan to protect its rights, and by refusing to reimburse the Verizon Plan for the cost of the disability benefits paid on behalf of Rogers from the settlement in the Rogers Litigation, the Sands Firm has violated the terms of the Verizon Plan.

25. Because the acts of the Sands Firm violated the terms of the Verizon Plan, Plaintiff is entitled to an order declaring the Verizon Plan's rights to the amount of funds ($44,962.50), imposition and enforcement of a constructive trust in that amount, and requiring the Sands Firm to make restitution of, or to disgorge, that amount to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Verizon Sickness and Accident Disability Plan for New England Associates requests the following equitable relief:

(i) Entry of an order granting to Plaintiff a declaratory judgment setting forth the Verizon Plan's rights to specified funds in the amount of $44,962.50, from the proceeds of the Rogers Litigation;

(ii) Imposition and enforcement of a constructive trust for the benefit of Plaintiff and against Defendants in the amount of $44,962.50, the same representing specified funds, from the proceeds of the Rogers Litigation;

(iii) Enforcement of the terms of the Verizon Plan against the Defendants, requiring the Defendants to make restitution and/or disgorgement to Plaintiff in the amount of $44,962.50 from the proceeds of the Rogers Litigation;

(iv) Entry of an order requiring Defendants to pay Plaintiff's attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

(v) Awarding to Plaintiff interest on the amount to which Plaintiff is entitled by the sought declaratory judgment, taxed as part of the restitution, disgorgement, or constructive trust proceeds, at the maximum rate and in all forms allowed under applicable law; and

(vi) Award to Plaintiff any other relief to which the Verizon Plan is entitled and which the Court may find to be just, equitable, and proper.

**VERIZON SICKNESS AND ACCIDENT DISABILITY BENEFIT PLAN FOR NEW ENGLAND ASSOCIATES,**
  Plaintiff

By: _____
Dana M. Horton, #6251
ROBINSON & COLE LLP
One Financial Plaza, 14th Floor
Providence, RI  02903
Tel. No. (401) 709-3300
Fax No. (401) 709-3399
Email:  dhorton@rc.com

*Counsel for Plaintiff Verizon Sickness and Accident Disability Plan for New England Associates*