UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                                    )
VERIZON SICKNESS AND ACCIDENT          )
DISABILITY BENEFIT PLAN FOR NEW        )
ENGLAND ASSOC.,                                )
                            Plaintiff,              )
                                                    )
            v.                                      )          No. 1:21-CV-00110-MSM-PAS
                                                    )
JACQUELINE ROGERS, and AFFILIATED )
LAW OFFICES OF RICHARD M. SANDS,  )
        Defendants and Third-Party Plaintiffs,)
                                                    )
            v.                                      )
                                                    )
VERIZON COMMUNICATIONS, INC.           )
And EQUIAN, LLC.,                               )
                    Third-Party Defendants.    )
_____)


DECISION

Mary S. McElroy, United States District Judge.

## I.    INTRODUCTION

        Verizon Sickness and Accident Disability Benefit Plan ("Plan" or "Verizon")

seek reimbursement of $44,962.40 it paid in disability benefits to Jacqueline Rogers

("Rogers"), a participant in the disability plan who recovered damages in settlement

from a third party following an automobile accident.  Ms. Rogers, however, after

receiving her $62,001.44 share of the settlement proceeds, apparently disappeared.[1] The Plan therefore seeks its recovery from Ms. Rogers' lawyer, Affiliated Law Offices of Richard Sands ("Sands") which retained $31,617.60 of the $100,000 settlement as its fee.  This Court denied summary judgment, ECF No. 49, and the case was tried without a jury.  It is now ripe for decision.

Several issues were resolved by summary judgment[2] and what remains to be decided is a question of law on what are essentially undisputed facts.  Indeed, at trial, brief legal arguments were made, but the only evidence presented to the court consisted of nine exhibits introduced by Verizon and one by Sands.

## II.    ANALYSIS

Verizon seeks to enforce an equitable lien created by the terms of the Plan,[3] which provide for the Plan's recovery of disability benefits when the participant has recovered damages from a third party.  The lien lies against the settlement proceeds. The cause of action is created by the Employees' Retirement Securities Act ("ERISA"), 29 U.S.C. § 1132(a)(3)(B)(ii), which allows a Plan to pursue *equitable* remedies to

---

[1] Ms. Rogers was an employee of Verizon, Inc., covered by the disability plan. According to Verizon, her whereabouts became unknown after the payout, and she was never served.  (ECF No. 76, at 1 n.1.)

[2] *Verizon Sickness and Accident Disability Benefit Plan for N.E. Assoc. v. Rogers,* No. 1:21-cv-00110-MSM-PAS, 2023 WL 2525208 (D.R.I., March 15, 2023).  Among the issues resolved were that Sands is an appropriate person against whom an equitable lien can be enforced under the Employees' Retirement Securities Act ("ERISA"), 29 U.S.C. § 1132(a).  *Id.* at *5 and cases cited therein.

[3] The terms of the Plan are spelled out by both the Master Plan ("MP") and the Summary Plan Description ("SPD") which is specifically incorporated by reference into it.  They are Plaintiff's Exhibits 2 and 3, respectively, *see* ECF No. 27.

enforce Plan provisions.  ERISA does not authorize a cause of action for a Plan to pursue *legal* remedies, 29 U.S.C. § 1132(a)(3)(B) and this distinction is critical to the resolution of this case.  Even though the lien may be an equitable one, the enforcement mechanism must be equitable as well.  *Montanile v. Bd. of Trustees of the Nat'l Elevator Industry Health Benefit Plan,* 577 U.S. 136, 145 (2016).

An *equitable* remedy involves recovery from a specific, identifiable pool of funds to which the plaintiff has established an entitlement:  in this case, the specific identifiable pool of funds is the money received by Sands in settlement for the car crash.  A *legal* remedy involves satisfaction of a personal obligation, an owing of money generally.  Reimbursement to Verizon from *settlement* funds, therefore, would be an *equitable* remedy authorized by ERISA; reimbursement to Verizon from Sands' general assets would be a *legal* remedy not authorized by ERISA and therefore not achievable in this lawsuit.  The essence of an equitable recovery is transfer of "money or property identified as belonging in good conscience to the plaintiff [that can] clearly be traced to particular funds or property in the defendant's possession."  *Id.* at 143.  If the funds or property are not in the defendant's possession, and the plaintiff simply seeks compensation from the defendant's assets, the recovery is a legal one, not an equitable one.  *Id.* at 145.

This principle that distinguishes an equitable remedy from a legal one – and, as a result, one allowable under ERISA or not -- is the critical issue remaining in this case. Sands claims the settlement funds have been dissipated by being used to pay his operating expenses and, therefore, since they are no longer in his possession, there

can be no equitable recovery. Equitable recovery depends on the principle that a court can "lay hold of" the property, *id.*, and there is no dispute here that dissipation does, indeed, eliminate an equitable lien. Verizon agreed at oral argument that if the $31,617.60 were dissipated, "there would be no equitable claim." (ECF No. 75, at 13.)

But who has the burden of proof on whether the funds have been dissipated? That is the question before the Court. At oral argument, the parties agreed that each stands or falls on the resolution of where the burden of proof lies. Verizon candidly acknowledged that if *it* has the burden, it loses. Sands takes the position that Verizon has the burden but that even if the law firm has it, it was met by Richard Sands' affidavit. The parties agree that the only evidence of dissipation is the affidavit executed by Sands asserting that the settlement proceeds were spent. *See* Plt. Exh. 4. Whether funds have been dissipated is a question of fact, and it is the only significant factual dispute in this case. *Montanile,* 577 U.S. at 151 (unresolved issues of fact concerning dissipation and commingling required remand).

Before discussing where the burden of proof lies, the Court sets forth the facts it has found to which that burden will be applied:

1. Verizon knew Ms. Rogers was represented by Sands as early as September 2018, when Sands requested payroll records from Verizon, explaining that it was representing her regarding the injuries she sustained in the 2016 automobile accident. Verizon insisted on a subpoena before it would confirm her employment. Plt. Exh. 5.

2. Verizon had paid benefits to Ms. Rogers in the amount of $42,962.40 in disability benefits arising out of the that injury.

3. The $100,000 settlement funds, paid by a third party, came into Sands' possession on October 21, 2019. The following day, Sands paid out $62,001.44 to Ms. Rogers, $5,573.40 in satisfaction of an $8,360.10

healthcare lien to Verizon's subrogation vendor, Equian, LLC, and it retained $31,617.60 in its client fund ($31,333.33 in fees plus $284.27 in costs). It then transferred the $31,617.60 to its general operating account where it was commingled with the firm's other cash. *See* Settlement Sheet, Plt. Exh. 6.

4. At least $31,617.60 was thereafter spent on operating expenses of the law firm. Plt. Exh. 4.

5. Verizon demanded reimbursement from Sands, which was declined, but it took no legal action to pursue reimbursement until it filed this lawsuit on March 5, 2021, nearly six months after the settlement funds were paid out.

6. Verizon has not received reimbursement of the disability benefits it paid.

7. The Terms of the Plan are set forth in the Master Plan, which incorporates by reference the terms of the Summary Plan Description ("SPD").

## A. Burden of Proof

One would think that this question would be easily answered, but one would be wrong. The Court has not found, and the parties have not cited, any controlling authority clearly stating where the burden of proof lies on the dissipation issue. But both logic and language from the Supreme Court impel the conclusion that the burden is on the plaintiff, and the Court so concludes.[4]

---

[4] Verizon argues that the Court in its denial of summary judgment already decided that Sands had the burden, by labeling dissipation a "defense." While the Court called dissipation Sands' "most promising avenue of defense," it used the word "defense" to mean a position that would negate Verizon's ability to show entitlement to an equitable remedy, *see* merriam-webster.com/dictionary/defense (denial, answer, or plea); it did not, even by implication, rule dissipation an "affirmative defense," which is a category of defense that generally imposes a burden of proof on its proponent. https://www.law.cornell.edu/wex/affirmative_defense. Indeed, the Court's decision specifically noted the parties' conflicting positions on the burden and did not address the issue. *Verizon Sickness,* 2023 WL 2525208, at *6.

Placing the burden on the plaintiff logically results from the claim of entitlement to an equitable remedy.  By definition, an equitable remedy is a claim against one who holds an *existing* asset by one who claims entitlement to it.  To prove a right to recovery, the plaintiff must prove the asset exists.  In this case, the asset is the settlement funds.  Placing the burden on the plaintiff is consistent with the language of the Supreme Court that "the plaintiff must still identify a specific fund *in the defendant's possession* to enforce the lien." *Montanile,* 577 U.S. at 146, referring to *Sereboff v. Mid Atl. Med. Serv., Inc.,* 547 U.S. 356, 362 (2006) ("equitable restitution [seeks] to impose a constructive trust or equitable lien on 'particular funds or property in the defendant's possession'") (emphasis supplied). *Accord, Sheet Metal Workers Hlth. and Welfare Fund of N.C. v. Law Off. of Michael A. DeMayo, LLP,* 21 F.4th 350, 355 (6th Cir. 2021) (affirming, where district court had precluded an equitable remedy "because the Fund could not point to specific recoverable funds *held by the Firm*") (emphasis supplied).

Placing the burden on the plaintiff is consistent with cases that have spoken directly to the issue.   In *Bilyeu v. Morgan Stanley Long Term Disability Plan,* 683 F.3d 1083 (9th Cir. 2012), the Plan sued to recover overpayments in benefits.  The Circuit noted the burden of proof on the Fund to show the overspent funds were still in the participant's possession. *Id.* at 1094, n.5. *Accord, Central States, SE and SW Areas Pension Fund v. Rodriguez,* No. 18-cv-7226, 2021 WL 131419, at *3 (N.D. Ill. Jan. 14, 2021) (plaintiffs not entitled to judgment as a matter of law because they did not put forth evidence "that defendant did not dissipate the overpayment"); *Epolito*

*v. Prudential Ins. Co. of Am.*, 737 F. Supp. 2d 1364, 1382 (M.D. Fla. 2010) (Prudential's burden to show "not only that Epolito 'once had property legally or equitably belonging to [Prudential], but that [she] still holds the property or property which is in whole or in part its product.'" *Id.,* citing Restatement of Restitution § 215 cmt. A (1936). *Crawford & Co. Med. Benefit Trust v. Repp,* No. 11 C 50155, 2012 WL 716921, at *3 (N.D. Ill. March 6, 2012), held that a plaintiff seeking equitable relief must "plead and prove" that the funds were still in the defendant's possession and had not been dissipated. And the United States District of Maine implied as much in a decision rejecting dismissal because "it is premature to dismiss these claims without providing Plaintiff the opportunity to conduct discovery *to determine whether there remain identifiable proceeds from the settlement in the possession of Defendants."* *Mank ex rel. Hannaford Health Plan v. Green,* No. Civ. 03-42-PC, 2003 WL 22078667, at *1 (D. Me. July 30, 2003) (emphasis supplied).

If ERISA entitles Verizon only to an equitable remedy, and if equitable enforcement requires identifiable funds in the defendant's possession, then the conclusion is inescapable that Verizon bears the burden of proving the continued existence of those funds. That burden then, in turn, includes proving that the funds have not been dissipated.

## B. Commingling

A second burden lies with Verizon as well. When funds have been commingled, as they have been here, a plaintiff can show lack of dissipation by using a method called lowest intermediate balance. That method looks at the cash in the bank

account into which the settlement funds were deposited and at the running balance of the account between the time of the deposit and the time of the claim against them. If the account has at any time during that period shown a balance of $0, it means that all the settlement funds were spent, as well as the funds in the account at the time of commingling.   If the balance has never dropped to $0 or below, complete dissipation has not been shown.[5]  Using this method,

> a court will follow the trust fund and decree restitution from an account where the amount on deposit has at all times since the commingling of the funds equaled or exceeded the amount of the trust fund. … Should the amount on deposit be reduced below the amount of the trust fund but not depleted, the claimant is entitled to the lowest intermediate balance in the account.

*Conn. Gen. Life Inc. Co. v. Universal Inc. Co.,* 838 F.2d 612, 619 (1st Cir. 1988).

Verizon has the burden of proof on lowest intermediate balance as well.  *Sheet Metal Workers,* 21 F.4th at 356 (to make argument based on lowest intermediate balance in trial court, it was incumbent on the Fund "to offer evidence supporting its proposed application of the lowest intermediate balance test."). Verizon has failed to prove by this method that there has not been complete dissipation of the funds. *Nation-Wide Check Corp v. Forest Hills Distributors,* 692 F.2d 214 (1st Cir. 2014), a case cited by Verizon, supports this allocation of the burden.  There, in discussing the application of the "lowest intermediate balance" calculation, the Court noted Nation-Wide's ability to present only limited evidence tracing the disputed funds, implying

---

[5] If the balance has dropped below the claimed amount, which here is $31,617.60, the plaintiff's recovery would be limited to that amount – the lowest intermediate balance.  *Nation-Wide Check Corp. v. Forest Hills Distributors,* 692 F.2d 214, 216 (1st Cir. 1993).

that Nation-Wide carried the burden of proving lack of dissipation using the lowest intermediate balance method. *Id.* at 216.  And in *Connecticut General,* the Court faulted the plaintiff for failing to show where "any particular asset of the hotel corporation where the alleged trust fund remains, even partially, intact."  838 F.2d at 620.  Both these First Circuit cases are consistent with placing the burden of proving the application of the lowest intermediate balance test on Verizon.

Requiring Verizon to shoulder this burden is not unfair.  It could have made use of discovery to subpoena Sands' bank statements, or it could have taken a deposition on that issue.  Verizon made little to no attempt to discover any records of the operating fund until April 17, 2023 – more than two years after the action was filed and 15 months after factual discovery closed – when it filed a motion to pursue further discovery "concerning applicability of the dissipation defense."   (ECF No. 56.)[6]   Verizon claimed that Sands argued dissipation "for the first time" at the summary judgment stage and that it had therefore not pursued bank account records in earlier discovery.  *Id.* at 2.  The Court denied Verizon's motion, pointing to the announcement in Sands' Rule 16 Statement filed on June 17, 2021, that it intended to rely on dissipation, citing *Montanile.*  Verizon was on fair notice that dissipation

---

[6] When Sands, in response to a Request for Production concerning disbursement of the settlement proceeds, produced only a Settlement Sheet, Verizon could have moved to compel more complete production, but did not.

was a critical factual issue and it had ample time to secure evidence to meet its burden of proof.[7]

## III.    CONCLUSION

Verizon has failed to carry its burden of proving that settlement funds still existed against which its lien could be enforced.  Judgment shall enter for Sands.


IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge
Date:  January   29, 2024

---

[7] Verizon could have been more proactive in safeguarding its ability to recover from the settlement proceeds.  It knew Ms. Rogers was pursuing an action against the party responsible for her injuries, and it knew Sands was representing her.  It could have moved to enjoin Sands from disbursing settlement funds completely.  *See e.g.*, *Sheet Metal Workers*, 21 F.4th at 354 (noting district court's issuance of a restraining order requiring the law firm to maintain a certain amount of funds in its operating account).  It waited six months before filing its action – six months during which any remaining settlement proceeds were presumably being spent.  *See Montanile*, 577 U.S. at 151 (Board should have sued immediately upon receipt of the settlement funds instead of waiting six months to file its action).